**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

```
ALONZO HODGES,              )
         Petitioner,        )
                            )   Civil Action No. 05-1728
         v.                 )   District Judge Arthur J. Schwab
                            )   Magistrate Judge Caiazza
HARRY E. WILSON             )
         Respondent.        )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus (Doc. 5) and the Amended Petition for Writ of Habeas Corpus (Doc. 23) filed by Alonzo Hodges be dismissed, and that a certificate of appealability be denied.

**II.  REPORT**

The Petitioner, Alonzo Hodges ("the Petitioner" or "Hodges"), a Pennsylvania state prisoner incarcerated in the State Correctional Institution at Fayette, has filed a federal Petition for Writ of Habeas Corpus. The petition should be dismissed as time barred.

**A.  Relevant Procedural History**

At the conclusion of an April 4, 1996 jury trial in the Court of Common Pleas of Allegheny County, Hodges was found guilty of Rape, Statutory Rape, Aggravated Indecent Assault, Endangering the Welfare of Children and Corruption of Minors. On June 4, 1996, he was sentenced to an aggregate term of fifteen to thirty years incarceration.

On June 26, 1997, following reinstatement of his appellate rights, Hodges, through counsel, filed a Notice of Appeal in the Pennsylvania Superior Court. The trial court filed its opinion on June 30, 1998. (Commw. Ex. 10). By opinion and order dated

April 13, 1999, the Pennsylvania Superior Court affirmed Hodges' judgment of sentence. (Commw. Ex. 12). His timely Petition for Allowance of Appeal with the Supreme Court of Pennsylvania was denied on October 20, 1999. (Commw. Ex. 14).

On May 1, 2002, Hodges filed a motion, which was construed as *a* pro se petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA").[1] (Commw. Ex. 15). On December 3, 2002, the PCRA court dismissed Hodges' petition as time barred.(Commw. Ex. 21). On December 18, 2002, Hodges filed a pro se Notice of Appeal. On April 11, 2003, the PCRA court filed its opinion. (Commw. Ex. 23). By opinion and order dated April 16, 2004, the Superior Court affirmed the trial court's dismissal of Hodges' PCRA petition (Commw. Ex. 25). The federal habeas petition was filed on December 15, 2005.

### B.   Time Period for Filing Federal Habeas Corpus Petitions
#### 1.   The Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal habeas petition must be filed one year after a conviction becomes final.[2] 28 U.S.C. § 2244(d)(1). Here, Hodges filed a direct appeal from his sentence. On October 20, 1999, the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal. Consequently, direct review of Hodges' convictions concluded, and the judgment became "final" ninety days thereafter – on January 18, 2000. *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (holding judgment becomes final at conclusion of direct review or expiration of time for seeking such review, including time limit (90 days) for filing writ of

---

1. 42 Pa. Cons. Stat. § 9541, *et seq.*

2. Pub. L. No. 104-132 Stat. 1214 (1996). The AEDPA is applicable because Hodges' habeas petition was filed after its effective date. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

certiorari in U.S. Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999)( applying same rule to motions made pursuant to 28 U.S.C. § 2255). Thus, under the one-year limitations period set out in AEDPA, the Petitioner had until January 18, 2001 to file a federal habeas corpus petition challenging his conviction. This petition was filed nearly five years after expiration of the limitations period, and should be dismissed.[3]

## 2. Equitable Tolling

Equitable tolling does not apply in this case. The United States Court of Appeals for the Third Circuit has stated that AEDPA's statute of limitations will be equitably tolled if: "(1) the defendant has actively misled the plaintiff,(2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)(internal citation omitted). Hodges has not established any of these bases for equitable tolling.

### C. Certificate of Appealability

An applicant is not entitled to a certificate of appealability unless he is able to satisfy the requirements of

---

3. While it is true that a properly filed state court collateral relief proceeding tolls AEDPA's statute of limitations, 28 U.S.C. § 2244(d)(2), Hodges filed a PCRA petition on May 1, 2002, after the expiration of the one-year limitations period  -that was dismissed as untimely. An untimely state post-conviction petition is not "properly filed" for purposes of tolling. Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).
  Hodges also contends that Section 2244(d) should be applied to toll the relevant limitations period for the entire time that he was represented by the Public Defender's Office. In support of this argument, he cites the Spangenberg Report, which concluded that the Allegheny County Public Defenders' Office was "in a state of crisis." This Report does not alter the fact that Hodges' petition was not properly filed. Moreover, the Report related to the Public Defenders' Office generally, not to Hodges' counsel in particular.

28 U.S.C. § 2253. In <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should not issue unless the prisoner shows, at least, that jurists of reason would find debatable whether the petition states a valid constitutional claim <u>and</u> would also find debatable whether the district court was correct in its procedural ruling. Hodges fails to meet the second prong of this test. Reasonable jurists would not find debatable whether the dismissal of Hodges' petition on limitations grounds was correct. Accordingly, a certificate of appealability should be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by November 3, 2006. Responses to objections are due by November 13, 2006.

                                                   s/Francis X. Caiazza
                                                   Francis X. Caiazza
                                                   United States Magistrate Judge

October 18, 2006

cc:   Arthur J. Schwab
       United States District Judge

       Alonzo Hodges
       DA-2951
       SCI Fayette
       P.O. Box 9999
       LaBelle, PA 15450-0999

       Rebecca D. Spangler, Esquire